IN THE UNITED STATES COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIA WATSON<br>3148 Monticello Blvd.<br>Cleveland Heights, OH 44118<br><br>and<br><br>CLEOPHUS WATSON,<br>3148 Monticello Blvd.<br>Cleveland Heights, OH 44118<br><br>      Plaintiffs,<br><br>  -vs-<br><br>Direct Express®,<br>Payment Processing Services<br>P.O. Box 245998<br>San Antonio, TX 78224-5998<br><br>and<br><br>Comerica Banking,<br>2601 North Lamar Blvd.<br>Austin, Texas 78705<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiffs, **MELVIA WATSON**, and **CLEOPHUS WATSON** by and through undersigned counsel, and for their Complaint against Defendants DIRECT EXPRESS® and COMERICA BANKING, hereby states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Melvia Watson is a resident of Cuyahoga County, in the State of Ohio at all times relevant to the Complaint;

2. Plaintiff Cleophus Watson is a resident of Cuyahoga County in the State of Ohio at all times relevant to the Complaint;

3. Comerica Banking is a business operation in the State of Texas; and doing business in the financial services company headquartered in Dallas Texas and it is the issuing bank for Direct Express Debit Card Program in the State of Ohio;

4. Direct Express is a business operation in the County of Kalamazoo, State of Michigan, and is doing business in the State of Ohio;

## BACKGROUND

5. That on or about July 1, 2016, Plaintiff Melvia Watson was enrolled in the Direct Express Debit Card Program ("the Account").

6. Plaintiff Melvia Watson's retirement payments, issued through the Federal Government were being deposited directly into the account.

7. That the Plaintiff Melvia Watson was the primary card holder on the account and had credit cards issued to her by the Defendants in order to pay for her and Plaintiff Cleophus Watson's living expenses, food shelter, bills, and utilities;

8. That from the date of January 1, 2017 until March, 2018, the Defendant Direct Express had in its custody monthly payments of the Plaintiff's retirement pension;

9. That during the months of July, 2017, until March, 2018, an unknown third-party had charged and/or withdrew monies from the Plaintiff's primary card holder accounts in the amount of approximately $60,000.00;

10. That in the month of November, 2017, Plaintiffs upon notice of unauthorized transactions notified Defendant Direct Express that their accounts with them had been compromised and monies and charges were made without knowledge or consent;

11. That the Plaintiffs were attempting to acquire additional information of the funds missing from the primary card holder's account, but they were denied access to their own account, yet, Defendant's permitted an unknown third party to create additional credit cards, and alter account numbers with a no authorization from Plaintiffs;

12. Plaintiff Cleophus Watson notified Direct Express that Plaintiff Melvia Watson had been diagnosed with Alzheimer's disease and had a duly executed Power of Attorney to handle her affairs along with a Federal Payee Designation;

13. That on numerous occasions, Defendant Direct Express intentionally stonewalled and delayed the Plaintiffs request for reimbursement of monies to primary cardholder's account;

14. That the Defendants dilatory tactics and unauthorized depletion of funds to a non-authorized third-party directly and proximately caused Plaintiff Melvia Watson's

retirement payments, issued through the Federal Government were being deposited directly into the accounts to fall behind on their bills and forced them to make withdrawals from their life savings in order to pay for necessary family living expenses;

15. That the Plaintiffs filed a police report, and completed forms as requested, but yet the Defendant Direct Express refused to allow them access to the prime card holder accounts and willfully refused to reimburse the Plaintiffs;

17. That the Defendants negligently maintained the primary cardholders accounts, by allowing an unknown third-party to order cards and change account numbers, but also recklessly failed through dilatory tactics to assist the primary cardholder to stop the theft activity.

## CAUSE OF ACTION (GROSS NEGLIGENCE)

(18) Plaintiffs' reaver and reallege the previously submitted Paragraphs (1) through (16) as if fully rewritten;

(19) That the Defendants' negligence was reckless and wanton, since it had prior knowledge that there were no safeguards to prevent unknown third parties from accessing accounts, and creating new cards and separate account numbers;

(20) That the Plaintiffs informed Defendant Direct Express that new card accounts, and credit cards were created by an unknown third-party.

**WHEREFORE,** Plaintiffs pray for compensatory damages of $75,000.00 and punitive damages in the amount of $100,000.00, attorney's fees, costs and such further relief as this Court may deem fair and just.

Respectfully submitted,

s/ Myron P. Watson
MYRON P. WATSON, ESQ. (0058583)
1144 Rockefeller Bldg.
614 W. Superior Avenue
Cleveland, OH 44113
(216) 523-1100
(216) 861-4161 (Fax)
Counsel for Plaintiff
myronwaton@ymail.com