**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Melvia Watson,** *et al.,* | **Case No. 1:19cv355** |
| **Plaintiffs,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Conduent State & Local Solutions, Inc., originally named as Direct Express Payment Processing Services,** *et al.,* | **MEMORANDUM OPINION AND ORDER** |
| **Defendants** | |

Currently pending is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 18.) Plaintiffs filed a Brief in Opposition, to which Defendants responded. (Doc. Nos. 21, 22.) For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART, as follows. Defendants' Motion is granted with respect to Count V. Defendants' Motion is denied with respect to Counts I, II, III, and IV.

**I.   Procedural History**

On February 16, 2019, Plaintiffs Melvia and Cleophus Watson filed a Complaint in this Court against Defendants Direct Express Payment Processing Services and Comerica Bank, asserting a claim for gross negligence. (Doc. No. 1.) On June 10, 2019, Defendants Conduent State & Local

Solutions, Inc.[1] and Comerica Bank filed a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 10.)

Plaintiffs thereafter filed a Motion for Leave to file an Amended Complaint (Doc. No. 11), which was granted on June 28, 2019. Plaintiffs filed a First Amended Complaint against the same Defendants on August 15, 2019. (Doc. No. 17.) Therein, Plaintiffs asserted claims for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) promissory estoppel; (4) violations of the Electronic Funds Transfer Act, 15 U.S.C. 1693f, *et al.*; and (5) gross negligence. (*Id.*)

The next day, Defendants filed a Motion to Dismiss each of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 18.) Plaintiffs filed a Brief in Opposition, to which Plaintiffs responded. (Doc. Nos. 21, 22.)

**II.     Factual Allegations**

The First Amended Complaint contains the following factual allegations. Plaintiff Melvia Watson is a recipient of federal retirement benefit payments. (Doc. No. 17 at ¶ 7.) Melvia has been diagnosed with Alzheimer's disease. (*Id.* at ¶ 8.) Plaintiff Cleophus Watson is the holder of a duly executed Power of Attorney to conduct Melvia's affairs on her behalf, as well as a Federal Payee Designation with respect her federal retirement benefits. (*Id.*)

On July 1, 2016, Melvia was enrolled in the Direct Express Debit Card Program. (*Id.* at ¶ 9.) Thereafter, her retirement benefits payments were deposited into an account administered by Defendants and disbursed through a debit card issued by Defendants. (*Id.* at ¶ 10.) Melvia was the primary card holder on the account and Cleophus was empowered by virtue of the Power of Attorney

---

[1] Defendants state that Conduent State & Local Solutions, Inc. ("Conduent") is improperly identified as Direct Express Payment Processing Services. Hereinafter, the Court will refer to Conduent and Comerica Bank as "Defendants."

2

and Federal Payee Designation to take any action with respect to the account. (*Id.* at ¶ 11.) No other individuals, however, were authorized by Melvia to so act on her behalf with respect to this account. (*Id.* at ¶ 12.) Plaintiffs used the debit cards at issue to pay for their essential living expenses, including food, housing, monthly bills, and utilities. (*Id.* at ¶ 13.)

During the time period of July 2017 through March 2018, Defendants "unlawfully permitted one or more unauthorized third parties to access and withdraw funds from the account in the total amount of $60,000." (*Id.* at ¶ 15.) In November 2017, Plaintiffs learned of the unauthorized use of the account and notified Defendants of the fraudulent transactions that had taken place. (*Id.* at ¶ 16.) Plaintiffs allege that "such notice complied in all respects with the terms and conditions to which the account was subject."[2] (*Id.* at ¶ 17.)

Defendants, however, "failed to satisfy [their obligations under] said terms and conditions" upon receipt of Plaintiffs' notice of unauthorized account activity. (*Id.* at ¶ 18.) Specifically, Plaintiffs claim that Defendants failed to properly investigate Plaintiffs' contentions as to the disputed transactions or to respond to Plaintiffs' requests for information regarding the account. (*Id.* at ¶ 19.) Additionally, Plaintiffs allege that Defendants denied them access to the account, despite the fact that

---

[2] Plaintiffs do not attach a copy of the parties' contract to the First Amended Complaint. Defendants attach a copy of a document entitled "Terms of Use for or your DirectExpress Debit MasterCard Card" to their Motion to Dismiss and assert that this document constitutes the parties' contract in the instant matter. (Doc. No. 18-2.) Plaintiffs do not dispute that the "Terms of Use" attached to the Defendant's Motion constitutes the governing contract between the parties, nor do they oppose the Court's consideration of this document in evaluating Defendants' Motion to Dismiss. The Court finds that it may consider the "Terms of Use" agreement attached to Defendants' Motion to Dismiss without converting it to a summary judgment motion because Plaintiffs expressly reference the parties' contract in the First Amended Complaint. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto ... and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.") (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001)). *See also Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed. Appx. 518, 521-22 (6th Cir. 2012) (same). Moreover, neither party objects to the Court's consideration of this document in resolving the instant Motion.

Defendants "unlawfully allowed an unauthorized third party to change the account number and issue[d] new debit cards without Plaintiffs' knowledge or consent." (*Id.* at ¶ 20.) Plaintiffs claim that "Defendants' wrongful conduct directly and proximately permitted unauthorized and fraudulent transactions under new account and card numbers that Defendants permitted to be created without Plaintiffs' knowledge or consent and without following contractual and legal obligations." (*Id*. at ¶ 21.) Plaintiffs also claim that Defendants wrongfully refused to take action regarding the account on the grounds that Plaintiffs were unable to provide the new (unauthorized) account and card numbers. (*Id*. at ¶ 22.)

Plaintiffs allege that Defendants represented that they would conduct further investigation regarding the dispute if Plaintiffs provided a copy of a police report demonstrating that the alleged theft of account funds had been duly reported to law enforcement, "as well as completing and submitting a number of other forms not required by the dispute resolution procedures set forth in the terms and conditions." (*Id.* at ¶ 23.) Although Plaintiffs satisfied Defendants' request, "Defendants continued to take no action and to refuse to engage with Plaintiffs in any meaningful way." (*Id.* at ¶ 24.) Plaintiffs allege that "Defendants' wrongful refusal to address the situation permitted continued misappropriation of funds belonging to Plaintiffs within accounts held and processed by Defendants." (*Id.* at ¶ 25.)

Plaintiffs claim Defendants persisted in their wrongful refusal to address the situation until March 2018, by which time $60,000 had been misappropriated from Plaintiffs' account. (*Id.* at ¶ 26.)

### III. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *See Gunasekara v. Irwin*, 551

4

F.3d 461, 466 (6th Cir. 2009). In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly*, 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)) (quoting *Twombly,* 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it

5

does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 679.

## IV. Analysis

As noted above, Plaintiffs assert the following five claims for relief: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) promissory estoppel; (4) violations of the Electronic Funds Transfer Act, 15 U.S.C. 1693f, *et al.;* and (5) gross negligence. (Doc. No. 17.) Defendants move to dismiss each of these claims for failure to state a claim upon which relief may be granted. (Doc. No. 18.)

### A. Breach of Contract, Good Faith and Fair Dealing, and Promissory Estoppel Claims (Counts I, II, III)

In Counts I, II and III of the First Amended Complaint, Plaintiffs assert claims for breach of contract, breach of the duty of good faith and fair dealing, and promissory estoppel. (Doc. No. 17 at ¶¶ 27-48.)

Defendants move to dismiss each of these counts on the basis that Plaintiffs fail to sufficiently plead the elements of the respective claims. (Doc. No. 18-1 at pp. 4-7; Doc. No. 22 at pp. 2-4.) In making these arguments, Defendants rely entirely on Ohio law. (*Id.*) Specifically, for each claim, Defendants recite the elements of that claim as set forth by Ohio courts (and federal courts applying Ohio case law) and argue that the First Amended Complaint fails to adequately plead each such element. (*Id.*) Throughout, Defendants rely solely and exclusively on the Ohio courts' formulations of the claims of breach of contract, breach of the duty of good faith and fair dealing, and promissory estoppel. (*Id.*)

The Court notes, however, that the "Terms of Use" agreement governing the Plaintiffs' debit card account has a choice of law provision that identifies Michigan law as the governing law. Specifically, Paragraph 1 of Section XIV provides as follows:

> **Governing Law**. The funds in your Card Account are deemed held in the State of Michigan. Unless a federal law or regulation applies to a specific section of these Terms or use of the Card, these Terms will be governed by and interpreted in accordance with the laws of the State of Michigan. Depending on where you live, you may have additional rights under certain state laws that apply to us and your Card. We will comply with applicable federal and state law.

(Doc. No. 18-2 at PageID#117.) Neither party addresses this choice of law provision. Notably, Defendants do not acknowledge this provision in their Motion to Dismiss or offer any argument or explanation to this Court as to why Michigan law should not govern this dispute.

Defendants' Motion to Dismiss Plaintiffs' breach of contract, good faith and fair dealing, and promissory estoppel claims is denied for the following reasons. Neither party disputes that the "Terms of Use" agreement attached to Defendants' Motion constitutes the governing contract in the instant matter. That contract expressly identifies Michigan law as the governing law. Defendants fail to apply Michigan law in their Motion or otherwise argue that Plaintiffs failed to adequately state claims under Michigan authority.

Having failed to move to dismiss under the governing law identified by the parties' contract, Defendants' Motion to Dismiss Plaintiffs' state law claims for breach of contract, good faith and fair dealing, and promissory estoppel is denied.

### B. Violations of the Electronic Funds Transfer Act and Regulations (Count IV)[3]

---

[3] The Electronic Funds Transfer Act, 15 U.S.C. § 1693f is a federal statute. As such, it is not affected by the Michigan choice of law provision set forth in the parties' contract.

In Count IV of the First Amended Complaint, Plaintiffs allege a claim for various violations of the Electronic Funds Transfer Act ("EFTA") and accompanying regulations

> 49. Plaintiffs incorporate by reference and restate the allegations set forth in the preceding paragraphs 1-48.
>
> 50. Defendants failed to investigate alleged errors, determine whether such errors occurred, and report or mail the results of such investigation and determination to Plaintiffs within ten business days in violation of 15 U.S.C. 1693f(a)(3).
>
> 51. Defendants failed to promptly, but in no event more than one business day after it was determined that an error did occur in instances in which such error is found, correct the errors in violation of 15 U.S.C. 1693f(b).
>
> 52. Defendants failed to provide provisional credits to Plaintiffs' account in violation of 15 U.S.C. 1693f(c).
>
> 53. Defendants failed to deliver or mail to Plaintiffs an explanation of their findings within three business days after the conclusion of the investigation in situations where Defendants determined that an error did not occur, and to promptly deliver or mail to Plaintiffs reproductions of all documents which Defendants relied on to conclude that such error did not occur in violation of 15 U.S.C. 1693f(d).
>
> 54. Defendants failed to limit Plaintiffs' liability for unauthorized funds transfers in violation of 12 C.F.R. 1005.6(b).
>
> 55. Based upon Defendants' EFTA and Regulation E violations, Plaintiffs are entitled to actual damages in the amount of $75,000.00, statutory damages, reasonable attorney fees, and the costs of this action.

(Doc. No. 17 at ¶¶ 49-55.)

Defendants argue that this Count should be dismissed because it is "entirely conclusory." (Doc. No. 18-1 at p. 7.) Notably, Defendants do not recite the elements of, or make any substantive argument regarding, any of the specific EFTA claims identified in the First Amended Complaint. Rather, Defendants assert generally that "there is literally nothing in Plaintiffs' Fourth Cause of Action that Defendants could even begin to respond to in any meaningful way." (*Id*.)

Plaintiffs argue that, reading the First Amended Complaint as a whole, they have set forth sufficient allegations to state claims under the EFTA for Defendants' failure to (1) investigate alleged errors; (2) promptly correct errors; (3) provide provisional credits to Plaintiffs' account; and (4) deliver or mail an explanation of findings to Plaintiffs within three business days of the conclusion of their investigation. (Doc. No. 21-1 at p. 9.) Plaintiffs assert that, combined with Plaintiffs' factual allegation that they provided notice of unauthorized transactions in November 2017, the First Amended Complaint sufficiently alleges the enumerated violations of the EFTA. (*Id*. at pp. 9-10.)

The federal government enacted the EFTA as part of the comprehensive Consumer Credit Protection Act (the "CCPA"), Pub. L. No. 95–630 § 2001, 92 Stat. 3641 (1978) (codified as amended at 15 U.S.C. § 1601 *et seq*.) The EFTA protects individual consumer rights by "provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). As the Sixth Circuit has explained, the EFTA is a remedial statute designed to protect consumers and, therefore, must be given "'a broad, liberal construction in favor of the consumer.'" *Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 353 (6th Cir. 2008) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 163 F.3d 948, 950 (6th Cir. 1998)). *See also Pinkston Poling v. Advia Credit Union*, 227 F.Supp.3d 848, 851 (W.D. Mich. 2016).

While a close call, the Court finds that, reading the First Amended Complaint as a whole (including the factual allegations set forth in Paragraphs 7 through 26), Plaintiffs have alleged sufficient facts to set forth the specified claims under the EFTA, 15 USC § 1693f and 12 C.F.R. § 1005.6(b). Plaintiffs allege that they learned of the unauthorized use of their debit account in November 2017 and properly notified the Defendants of the allegedly fraudulent transactions. (Doc. No. 17 at ¶ 16.) Plaintiffs further allege that "Defendants failed to properly investigate Plaintiffs'

contentions as to the disputed transactions and to respond to Plaintiffs' request for information regarding the account." (*Id.* at ¶ 19.) In addition, Plaintiffs allege that Defendants failed to provide provisional credits or to deliver Plaintiffs an explanation of their findings. (*Id.* at ¶¶ 52, 53.)

The Court finds that the above allegations are sufficient to survive dismissal under Rule 12(b)(6), particularly given that Defendants have not specifically moved to dismiss on any grounds other than the sufficiency of the pleadings. Certainly, Plaintiffs will be required to provide greater support of their EFTA claims to survive summary judgment. At this stage of the proceedings, however, the Court finds that Plaintiffs have set forth sufficient allegations in the First Amended Complaint to state claims for relief.

Accordingly, and for all the reasons set forth above, the Court finds that Defendants' Motion to Dismiss Count Four of the Amended Complaint is without merit and denied.

### C. Gross Negligence (Count V)

In Count Five of the First Amended Complaint, Plaintiffs allege a claim for gross negligence. (Doc. No. 17 at ¶¶ 56-64.) Defendants move to dismiss this claim on the basis of the economic loss doctrine. (Doc. No. 18-1 at pp. 8-10.) Plaintiffs do not oppose Defendants' motion with respect to this claim. (Doc. No. 21-1.)

In light of the fact that Plaintiffs do not oppose dismissal of this claim, Defendants' Motion to Dismiss Plaintiffs' gross negligence claim set forth in Count Five is granted.

## V. Conclusion

For all the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 18) is GRANTED IN PART and DENIED IN PART, as follows. Defendants' Motion is granted with respect to Count V. Defendants' Motion is denied with respect to Counts I, II, III, and IV.

**IT IS SO ORDERED**

Date: March 25, 2020

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE